IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRED SMITH | : | CIVIL ACTION |
| | : | NO. 05-525 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF PENNSYLVANIA | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    JUNE 21, 2006

Before the Court is plaintiff's second motion for a
continuance under Federal Rule of Civil Procedure 56(f) to permit
further discovery (doc. no. 45).


I.   BACKGROUND

Plaintiff, Fred Smith, an African American male, brings
this employment discrimination action against his former
employer, defendant, University of Pennsylvania, under Title VII
of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
Plaintiff alleges (1) a claim of race discrimination, and (2) a
claim of retaliation for engaging in a protected activity.

From May 30, 1995 through September 15, 2003,
plaintiff, who had been employed by defendant since the early
nineties, was out of work due to a work-related injury.  During
that time period, in July 1995 plaintiff filed an employment

discrimination charge against defendant with the Equal Employment Opportunity Commission ("EEOC").  This charge was settled sometime after plaintiff brought a civil action against defendant.  Also filed during the period plaintiff was out of work due to injury was a workers' compensation action against defendant, which was settled in March 2003.

On September 15, 2003, plaintiff was cleared for work by his doctor and sought to return to work.  Plaintiff worked at the Faculty Club prior to sustaining a work-related injury on May 30, 1995.  Defendant operated the Faculty Club until August 13, 1999, at which time Hilton Hotels Corporation began to operate the facility as the Inn at Penn.  When plaintiff attempted to return to work on September 15, 2003, defendant informed plaintiff that the Faculty Club had ceased operation in his absence and that plaintiff could reapply for any position for which he was qualified.

On May 20, 2004, ten months after plaintiff attempted to resume employment with defendant, plaintiff filed a charge of discrimination with the EEOC alleging that he was denied reinstatement to his former position in violation of Title VII of the Civil Rights Act and the Americans with Disabilities Act.[1] The instant action followed on February 4, 2005.

---

[1]Plaintiff's complaint does not allege discrimination under the Americans with Disabilities Act, although that allegation was included in his EEOC charge.

II.  DISCUSSION

    A.    The Discovery Dispute.

         Plaintiff has prolonged the adjudication of defendant's
motion for summary judgment by filing successive motions to
compel discovery.  An extensive discovery dispute underlies
defendant's pending motion for summary judgment, and involves in
toto several motions to compel discovery filed by plaintiff, one
motion for a protective order filed by defendant and one motion
for a continuance under Rule 56(f).  In brief, the Court granted
the plaintiff's first motion to compel and motion for a
continuance pursuant to Rule 56(f), and denied plaintiff's
remaining two motions to compel and defendant's motion for a
protective order as moot.  Plaintiff now has filed a second
motion for a continuance under Rule 56(f) to permit further
discovery.  It is this motion which is now before the Court.

         Plaintiff filed the instant action on February 4, 2005.
On April 11, 2005, defendant filed a motion to dismiss or in the
alternative for summary judgment (doc. no. 3).  After a hearing
on June 6, 2005, the Court denied defendant's motion to dismiss
or in the alternative for summary judgment.  Order of June 6,
2005 (doc. no. 10).  The Court issued a scheduling order of the
same date, which established a November 3, 2005 deadline for
discovery and the filing of dispositive motions (doc. no. 11).

Plaintiff filed his first motion to compel on November 2, 2005 (doc. no. 13), the day before the scheduled discovery deadline.  In his first motion to compel, plaintiff sought to depose a designee of the University of Pennsylvania pursuant to Rule 30(b)(6).  Defendant argued that the notice of deposition was onerous, seeking, inter alia, oral testimony as to every discrimination lawsuit filed against defendant and the salaries of every African-American employee at the University of Pennsylvania.  During the November 9, 2005 telephone conference to address plaintiff's first motion to compel, the Court agreed that the deposition of a Rule 30(b)(6) designee was burdensome under the circumstances and instead ordered that the notice of deposition be treated as interrogatories and requests for production of documents.

The Court granted in part plaintiff's first motion to compel and ordered defendant to produce the following: (1) the docket/case number and the subject matter of each employment discrimination lawsuit, EEOC complaint or Pennsylvania Human Relations Commission ("PHRC") complaint in which defendant was involved in the last five years; (2) the terms and use of any agreement between defendant and the entity that runs the Inn at Penn, 3600 Sansom Street, Philadelphia, Pennsylvania; (3) the name, race, address and telephone number of each person who worked at the Faculty Club in or around 1995 who went to work for

4

the Inn at Penn after the Faculty Club closed; (4) the name,
race, address and telephone number of each employee or former
employee who received worker's compensation who requested to be
rehired and was rehired upon returning from leave within the last
three years prior to the decision not to rehire plaintiff; (5)
information about plaintiff's prior worker's compensation lawsuit
against defendant, which was settled; and (6) information about
plaintiff's prior employment discrimination lawsuit in the
Eastern District of Pennsylvania, docket number 96-8210, which
was settled.  Order of Nov. 9, 2005.[2]  The information to be
produced by defendant amounted to substantially the same
information plaintiff had sought by way of a Rule 30(b)(6)
deponent.  Moreover, the Court left open the possibility of a
Rule 30(b)(6) followup deposition.

     Pursuant to the Court's Scheduling Order of June 6,
2005, defendant filed a second motion for summary judgment on
November 3, 2005 (doc. no. 14).  The Court denied without
prejudice defendant's second motion for summary judgment on
November 9, 2005, following the telephone conference addressing
the first motion to compel.  Also on November 9, 2005, the Court
issued a Second Amended Scheduling Order extending the deadline
for discovery and the filing of dispositive motions to January

---

     [2]The Court's Order of November 9, 2005 lists the numbers to
which responses were compelled.  The language above appears in
Exhibit A of Plaintiff's first motion to compel.

16, 2006 (doc. no. 18).

On January 5, 2006, defendant moved for a protective order to bar a proposed Rule 30(b)(6) deposition (doc. no. 22), arguing that plaintiff served essentially the same notice of deposition deemed burdensome pursuant to the Court's Order of November 9, 2005.  Moreover, on January 17, 2006, defendant filed a third motion for summary judgment (doc. no. 23), which is currently pending before the Court.

On January 20, 2006, plaintiff filed a second motion to compel discovery (doc. no. 30) seeking to depose a corporate designee on the same issues the Court had addressed in plaintiff's first motion to compel.  Plaintiff also opposed defendant's motion for a protective order for its corporate designee.  The Court held a hearing on January 30, 2006 to address defendant's motion for a protective order and plaintiff's second motion to compel.  The Court took the matters under advisement.

Additionally, on January 30, 2006 following the hearing, plaintiff filed a third motion to compel discovery (doc. no. 33) and his first motion for a continuance under Rule 56(f) (doc. no. 32).  In his third motion to compel, plaintiff sought further responses to his First Requests for Production of Documents.  Consequently, plaintiff's first Rule 56(f) motion was based upon his need for the information sought in his third

motion to compel.  As part of his third motion to compel,
plaintiff argued that defendant made "meritless" and general
objections to his requests for production of documents and had
failed to comply with the Court's Order of November 9, 2005.
Defendant responded to plaintiff's requests for production,
subject to certain objections on the basis of privilege (doc. no.
37).  In support of those objections, defendant submitted a
privilege log detailing what information was withheld on the
basis of attorney client privilege and/or as attorney work
product.  Def.'s Resp. to Pl.'s Third Mot. to Compel, Ex. B.  The
privilege log lists counsels' notes in plaintiff's current and
prior actions against defendant and correspondence between
counsel and defendant.

        On March 7, 2005, the Court granted plaintiff's first
Rule 56(f) motion, and ordered defendant to: (1) identify the
docket/case action number and the court/agency of each EEOC and
PHRC complaint filed by "non-professional" employees against
defendant from January 1, 2000 to the present; (2) identify the
EEOC and PHRC complaints, identified in paragraph 1(a) above,
that resulted in court action; and (3) produce the agreement
between the Faculty Club and the Inn at Penn.  See Order of Mar.
7, 2006 (doc. no. 42).  In addition, all of the above information
was to be subject to a confidentiality agreement between the
parties.  Plaintiff's second and third motions to compel and

7

defendant's motion for a protective order were denied as moot

pursuant to the Court's order granting plaintiff's first Rule

56(f) motion.

     B.   Plaintiff's Second Motion for a Continuance Under Rule
56(f).

        Plaintiff filed a second motion for a continuance under

Rule 56(f) on April 6, 2006 (doc. no. 44).  It is this matter

which is before the Court.  In his second motion for a

continuance, plaintiff makes the same arguments advanced in

support of his first motion for a continuance, namely that

defendant has not produced the discovery requested and ordered by

the Court.  Plaintiff alleges that defendant still has not

appeared for a Rule 30(b)(6) deposition and has failed to provide

responses to plaintiff's First Requests for Production of

Documents numbers 2, 4-7 and 9-14.

        Under Rule 56(f),

> Should it appear from the affidavits of a
> party opposing the motion that the party
> cannot for reasons stated present by affidavit
> facts essential to justify the party's
> opposition, the court may refuse the
> application for judgment or may order a
> continuance to permit affidavits to be
> obtained or depositions to be taken or
> discovery to be had or may make such other
> order as is just.

The Third Circuit determined that whether a Rule 56(f) motion

should be granted "depends, in part, on 'what particular

information is sought; how, if uncovered, it would preclude

8

summary judgment; and why it has not been previously obtained.'" San Filippo v. Bongiovanni, 30 F.3d 424, 432 (3d Cir. 1994). Although the district court has discretion to deny the motion, it "should grant a Rule 56(f) motion as a matter of course unless the information is otherwise available to the non-movant." Id. at 432-33.  The information sought should be examined in light of the strictures of Rule 26(b) and viewed in the context of the case.

Plaintiff relies on Simpson v. Kay Jewelers, 142 F.3d 639, 644-45 (3d Cir. 1998), to support his claim that he is entitled to further discovery.  Plaintiff argues that the following language allows the broad range of discovery relating to other claims of discrimination against defendant:

> To show that discrimination was more likely than not a cause for the employer's action, the plaintiff must point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision.  Keller v. Orix Credit Alliance, Inc., 130 F.3d 1101, 1111 (3d Cir. 1997).  For example, the plaintiff may show that the employer has previously discriminated against her, that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class, or that the employer has treated more favorably similarly situated persons not within the protected class.  Fuentes, 32 F.3d at 765.

Id. at 644-45; see also Pl.'s Mem. in Support of Rule 56(f) Mot.

9

at 5-6.[3]  The Court rejected plaintiff's argument that <u>Simpson</u>
compels the unlimited discovery of past acts of discrimination
sought by plaintiff.  Indeed, the court permitted plaintiff to
discover past acts of discrimination, but only those involving
non-professional employees.  <u>See</u> Hr'g Tr. 7-13, Nov. 9, 2005.
The Court found that, under the circumstances of this case and
on balance, discovery of past acts of discrimination involving
professional employees who were not similarly situated to
plaintiff was not likely to lead to the discovery of admissible
evidence.

In summary, plaintiff has received the following
information: (1) plaintiff's personnel file, worker's
compensation file and litigation file in defendant's possession;
(2) a list, including the race, address and telephone number, of
employees who worked at the Faculty Club and who now work at the
Inn at Penn; (3) the identity of one employee who worked at the
Faculty Club, filed a worker's compensation claim and is now
employed by the Inn at Penn; (4) a list of employees who filed
worker's compensation claims during the last five years; (5) a
list of current employees of defendant; (6) a verification that

---

[3]Plaintiff's second motion for a continuance under Rule
56(f) incorporates by reference his first motion for a
continuance under Rule 56(f), his second and third motions to
compel and his reply memorandum in further support of his Rule
56(f) motion.  Pl's Mem. in Support of Second Mot. for a
Continuance (doc. no 44).

all employees of the Faculty Club were terminated as of August 13, 1999 and that none of those employees were hired by defendant; (7) the docket/case action number of each EEOC and PHRA complaint filed by non-professional employees against defendant from January 1, 2000 to the present; (8) the identity of the EEOC and PHRC complaints that resulted in court action; (9) the agreement between the University of Pennsylvania and the Hilton Hotels Corporation, which now operates the Faculty Club; and (10) the agreement between the Faculty Club and the Inn at Penn.[4]

As part of his second Rule 56(f) motion, plaintiff is still seeking answers to numbers 2, 4-7 and 9-14 of his First Requests for Production of Documents served upon defendant. Pl.'s Mot. for Leave, Ex. D (doc. no. 40).[5]  Although plaintiff has not received every piece of information he would like, plaintiff is not entitled to a second continuance under Rule

---

[4]On May 12, 2006, the Court ordered defendant to certify delivery of the materials listed in the Court's Order of March 7, 2006 granting the first Rule 56(f) motion (doc. no. 47).  The defendant did so via letters to the Court dated May 25, 2006 and May 26, 2006.

[5]Plaintiff's First Requests for Production of Documents is separate from his notice of deposition which the Court deemed interrogatories or requests for production in the Order of November 9, 2005.  However, plaintiff's First Requests for Production seek much of the same information that was before the Court pursuant to plaintiff's first motion to compel.  Moreover, the information sought was also the subject of plaintiff's third motion to compel.

56(f).  The reason is twofold.  One, plaintiff already has
received much of the information he requests.  Two, plaintiff has
not requested any new information that, if uncovered, would
preclude defendant's motion for summary judgment.

Below is each request for production to which plaintiff
seeks a further response in his second Rule 56(f) motion, and why
plaintiff is not entitled to any further responses.

1.  Requests number 2, 4 and 5

- Request number 2: "Any and all statements
  concerning this action or its subject
  matter previously made by plaintiff."

- Request number 4: "Any and all documents
  (including but not limited to letters and
  memoranda) that contain or relate to any
  correspondence between plaintiff and
  Defendant that took place during the time
  period from January 1, 1995 to the
  present."

- Request number 5: "Each and every
  document (including but not limited to
  letters and memoranda) created by
  Defendant that mentions plaintiff by name
  or makes any other reference to plaintiff
  that was created during the time period
  from January 1, 1995 to the present."

Plaintiff has received sufficient information in
response to these requests.  Defendant produced plaintiff's
personnel file, the file related to plaintiff's prior lawsuit
against defendant and the file related to plaintiff's worker's
compensation claim against defendant.  Any relevant
correspondence or documents is contained within those files.  No

further response by defendant is needed.

       2.    Requests number 6 and 7

- Request number 6: "Each and every complaint or charge of discrimination in which Defendant was named as a respondent that was filed with the EEOC or the Pennsylvania Human Relations Commission during the time period from January 1, 2000 to the present."

- Request number 7: "Each and every Complaint and Answer in any civil lawsuit that any current or former employee of the Defendant brought against Defendant during the time period from January 1, 2000 to the present."

Plaintiff has received the docket/case action number of each EEOC and PHRA complaint filed by non-professional employees against defendant from January 1, 2000 to the present and the identity of the EEOC and PHRC complaints that resulted in court action.  Plaintiff is not entitled to a copy of every complaint and/or answer for each action.  Defendant has no burden to do plaintiff's ministerial tasks for him.  As the Court noted during the November 9, 2005 telephone conference addressing plaintiff's first motion to compel, plaintiff is entitled to the "docket or case action number" and "where it was brought," and then plaintiff "can go and find out as much as [he] can from that basis."  Hr'g Tr. 10, Nov. 9, 2005.  Plaintiff is not entitled to a further response to requests number 6 and 7 and can "do [his] own research" from the information provided.  Id.

       3.    Request number 9

- Request number 9: "Each and every document that refers or relates to any person or persons who worked at the Faculty Club in or around 1995 and who, after the Faculty Club closed, went to work for the company or other type of entity that runs the Hilton Inn at Penn."

Plaintiff has received a list, including the race, address and telephone number of employees who worked at the Faculty Club and now work at the Inn at Penn.  The balance of the information sought constitutes a veritable fishing expedition on dry land.  Plaintiff is not entitled to a further response to request number 9.

4.   Request number 10

- Request number 10: "Each and every document that contains information about any employee or former employee of Defendant who received worker's compensation at some time during the time period from January 1, 1995 to the present, including but not limited to each and every document containing information about whether the employee or former employee received medical clearance to return to work and to [sic] each and every document containing information about whether the employee or former employee returned to work as an employee of the Defendant."

The Court limited plaintiff to discovery of worker's compensation claims filed during "the past three years prior to the decision not to rehire [plaintiff, which occurred in 2003]." Hr'g Tr. 25, Nov. 9, 2005.  Plaintiff has received the names of all employees of defendant who filed worker's compensation claims

14

during the last five years and the identity of one Faculty Club employee who filed a worker's compensation claim and is now employed by the Inn at Penn.  Plaintiff is not entitled to a further response to request number 10.

     5.    Request number 11

- Request number 11: "Any and all performance evaluations or other documents that contain information about plaintiff's performance in his job as an employee of Defendant."

Plaintiff has received his personnel file, the contents of which include any performance evaluations.  Hr'g Tr. 29, Nov. 9, 2005.  Plaintiff has had this information since before the November 9, 2005 telephone conference.  Id.  Therefore, no further response to request number 11 is needed.

     6.    Request number 12

- Request number 12: "Any and all documents received by Defendant pursuant to any third-party subpoena served in this case, including all such documents already received by Defendant as well as all such documents received by Defendant at some future date."

Plaintiff is entitled to this information pursuant to the Rule 34 and 26(b).

     7.    Requests number 13 and 14

- Request number 13: "Each and every document that relates or refers to the worker's compensation claim that plaintiff pursued against Defendant, including but not limited to the settlement agreement regarding that claim

15

that was reached between plaintiff and
Defendant."

- Request number 14: "Each and every
document that relates or refers to the
employment discrimination lawsuit that
plaintiff and two others pursued against
Defendant in or around 1995, including
but not limited to the settlement
agreement regarding that suit that was
reached between the plaintiffs in that
lawsuit and Defendant."

Plaintiff has received full responses to requests
number 13 and 14. Defendant produced the contents of plaintiff's
worker's compensation and litigation files maintained by
defendant, subject to the information listed in defendant's
privilege log. Moreover, plaintiff's current counsel represented
plaintiff's in his prior discrimination suit against defendant
and is fully aware of the circumstances of the prior case.
Plaintiff is not entitled to any further responses to requests
number 13 and 14.

As demonstrated above, plaintiff has received more than
adequate discovery to respond to defendant's motion for summary
judgment. The Court has given due consideration to plaintiff's
successive discovery motions, granting in part plaintiff's first
motion to compel and his first motion for a continuance under
Rule 56(f) and ordering defendant to certify delivery of certain
discovery materials. Defendant's obligations under Rule 26(b)(1)
have been satisfied. Plaintiff is not entitled to further
responses to his First Requests for Production of Documents as a

basis for a Rule 56(f) continuance.

Second, plaintiff is not entitled to a Rule 56(f) continuance because plaintiff has not demonstrated what specific additional information, if uncovered, would preclude defendant's motion for summary judgment. Fed. R. Civ. Pro. 56(f). Plaintiff is merely speculating that by chance he may uncover some information helpful to his case, or get the Rule 30(b)(6) deponent to admit wrongdoing at deposition. Therefore, plaintiff is not entitled to a further continuance under Rule 56(f).

III. CONCLUSION

For the foregoing reasons, plaintiff's second motion for a continuance under Rule 56(f) will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED SMITH                      :    CIVIL ACTION
                                :    NO. 05-525
          Plaintiff,            :
                                :
     v.                         :
                                :
UNIVERSITY OF PENNSYLVANIA       :
                                :
          Defendant.            :

## ORDER

**AND NOW**, this **21st** day of **June, 2006,** it is hereby

**ORDERED** that Plaintiff's Second Motion for a Continuance Under

Rule 56(f) (doc. no. 45) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall file a

response to defendant's motion for summary judgment by **July 7,**

**2006.**

     **AND IT IS SO ORDERED.**


     S/Eduardo C. Robreno

     **EDUARDO C. ROBRENO, J.**

18